UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHARLES J. FONTENOT** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **SECTION "___" (___)** |
| | * | |
| **SCHLUMBERGER TECHNOLOGY CORPORATION and WESTERNGECO L.L.C.** | * | **JUDGE:** |
| | * | |
| | * | **MAGISTRATE:** |
| | * | |
| | * | **JURY TRIAL REQUESTED** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, CHARLES J. FONTENOT, who respectfully represents:

**I. PARTIES**

1. Plaintiff, CHARLES J. FONTENOT (hereinafter referred to as "Plaintiff" or "Mr. Fontenot"), brings this Civil Action for Damages under the Jones Act, 46 USC Section 688, with pendant and/or ancillary claims and/or alternative claims under the General Maritime Law and/or Louisiana Civil Code Article 2315. At all times relevant herein, Plaintiff has been and is a citizen of the United States and is a resident of the State of Mississippi, Harrison County.

2. Defendant, SCHLUMBERGER TECHNOLOGY CORPORATION (hereinafter referred to as "Schlumberger"), is a business corporation domiciled in the State of Texas with its principle place of business in Sugarland, TX, which entity, at all times pertinent hereto, was licensed to do and doing business in the State of Louisiana, with its principal business establishment in Louisiana in New Orleans, Louisiana and, further, was owner, owner *pro hac vice*, and/or operator of the vessel or fleet of vessels involved herein and employed Plaintiff at the time of the incident involved herein.

3. Defendant, WESTERNGECO L.L.C (hereinafter referred to as "WesternGeco"), is a limited liability company and a wholly owned subsidiary of SCHLUMBERGER. WESTERNGECO is domiciled in the State of Delaware with its principle place of business in Houston, Texas, which entity, at all times pertinent hereto, was licensed to do and doing business in the State of Louisiana, with its principal business establishment in Louisiana in New Orleans, Louisiana and further, was owner, owner *pro hac vice*, and/or operator of the vessel or fleet of vessels involved herein and employed Plaintiff at the time of the incident involved herein.

## II.  JURISDICTION AND VENUE

4. Jurisdiction exists in this Honorable Court pursuant to the Jones Act, General Maritime Law, and/or 28 U.S.C. 1331 and/or the "Savings to Suitors Clause" 28 U.S.C. Section 1333.

5. At all times relevant herein, Plaintiff was an employee of Defendants, SCHLUMBERGER and/or WESTERNGECO, and was a seaman and member of the crew of the vessel or fleet of vessels owned, owned *pro hac vice*, and/or operated by Defendants.

## III.  FACTUAL ALLEGATIONS

6. At all times relevant herein, Plaintiff was employed by SCHLUMBERGER and/or WESTERNGECO, and was assigned in the capacity of a Senior Handling Specialist to the seismic research vessel WESTERN PRIDE, whose crew he joined on or about February 27, 2014 when he made crew change in New Orleans, Louisiana on route to Nova Scotia. In that capacity Plaintiff was essential to the mission and purpose of the vessel. At all times relevant herein, Plaintiff was working within the course and scope of his employment as a seaman and member of the crew of a vessel or a fleet of vessels owned, owned *pro hac vice*, and/or operated by Defendants, SCHLUMBERGER and WESTERNGECO, in the navigable waters of the east

coast of the United States.

7. On or about March 9, 2014, Plaintiff, through the negligence of Defendants, and/or through the unseaworthiness of the vessel, was caused to sustain severe and debilitating injuries to his back, neck, and shoulders while performing routine maintenance on a "mono-wing" aboard the seismic research vessel WESTERN PRIDE when he stepped onto the deck from the "mono-wing" crane and slipped on the deck's surface, which was cluttered with equipment and covered in a combination of algae, sea grass, and hydraulic fluid.

8. SCHLUMBERGER and WESTERNGECO failed to provide Plaintiff a safe place to work and/or safe and sufficient gear and/or proper appurtenances with which to perform his duties; failed to supply an adequate crew; required Plaintiff to perform his duties under unsafe conditions and committed other acts of negligence which will be shown at the time of trial.

9. Plaintiff requests that Defendants preserve all appropriate evidence regarding the claim and immediately produce the vessel(s) involved, as well as the appurtenances, equipment, photographs, and/or logs and records, involved herein.

10. As a result of this incident, Plaintiff sustained severe injuries, the extent of which are not fully known, to his back, neck, and shoulders, which injuries have required, and will continue to require, in the foreseeable future, extensive medical treatment, including, but not limited to, surgical intervention.

11. At all times relevant hereto, Plaintiff was employed by Defendants to perform work on a vessel or fleet of vessels, owned, owned *pro hac vice*, and/or operated by Defendants, SCHLUMBERGER and WESTERNGECO. Defendants owed Plaintiff a non-delegable duty to provide a safe place to work and/or safe and seaworthy vessel, which duties were breached.

## IV.  FIRST COUNT -  JONES ACT NEGLIGENCE

12. Plaintiff brings this action against Defendants, SCHLUMBERGER and WESTERNGECO, under the provisions of the statutes of the United States, more particularly the Jones Act, Title 46 Section 688 of the United States Code.

13. Under the Jones Act, the Defendants, SCHLUMBERGER and WESTERNGECO, owed Plaintiff a safe place to work, which duty was violated through the negligence of Defendants, its officers, agents, and/or employees and this violation had a causal relationship to Plaintiff's injuries.

## V.  SECOND COUNT – GENERAL MARITIME LAW UNSEAWORTHINESS

14. Plaintiff reiterating and realleging each and every preceding allegation, additionally and/or alternatively alleges that Defendants, SCHLUMBERGER and WESTERNGECO, are liable unto Plaintiff under the General Maritime Law for breach of the warranty of seaworthiness, extending to the vessel or vessels involved herein, including its crew, gear, and appurtenances.

15. Plaintiff further contends that the vessel(s) or fleet of vessels involved herein as set out hereinabove were unseaworthy including, but not limited to, failure to provide Plaintiff with a safe place to work, failure to provide safe and sufficient gear and/or appurtenances with which to perform his duties, failure to provide proper safety equipment and/or failure to provide a sufficient and/or competent crew to properly supervise Plaintiff's activities, as well as the operation involved, all of which proximately caused the injuries sustained by Plaintiff.

## VI.  THIRD COUNT - GENERAL MARITIME LAW MAINTENANCE & CURE

16. While reiterating and realleging each and every preceding allegation made herein above, Plaintiff additionally and/or alternatively alleges that Defendants, SCHLUMBERGER

and WESTERNGECO, are liable for maintenance and cure under General Maritime Law.

17. At the time of the incident and injuries to Plaintiff made the basis of this litigation, Plaintiff was assigned to, at the call of, and/or in the service of the seismic research vessel WESTERN PRIDE.

18. Plaintiff was at work and performing work on the vessel in furtherance of its mission and purpose for his employer, and earning wages and, subsequent to the injuries sued upon herein, Plaintiff has had to seek medical attention and has been unable to work.

19. Plaintiff is entitled to a reasonable maintenance rate from the date of his injury until he reaches maximum medical improvement.

20. Plaintiff is entitled to cure in the form of medical treatment from a doctor or other medical provider of his choosing until he reaches maximum medical improvement.

### VII. FOURTH COUNT – LOUISIANA STATE LAW NEGLIGENCE

21. While realleging and reiterating each and every allegation made hereinabove, Plaintiff additionally and/or alternatively alleges that Defendants, SCHLUMBERGER and WESTERNGECO, are liable for negligence under Louisiana Civil Code Article 2315, which negligence caused Plaintiff's injuries, and all other laws, statutes, industry customs, and regulations applicable to this case.

22. Plaintiff further contends that Defendants were negligent and responsible for all damages claimed herein.

23. Defendants had a duty to provide Plaintiff with the following non-exclusive particulars regarding Plaintiff's work as a crew member of the seismic research vessel WESTERN PRIDE:

(a) a safe place to work;

(b) safe and sufficient gear and/or appurtenances with which to perform his duties;

(c) proper safety equipment;

(d) a sufficient and or competent crew to supervise Plaintiff's activities; and,

(e) appropriate training.

24. Defendants breached the aforementioned duty to Plaintiff by requiring him to perform his duties without providing a safe place to work and/or safe and sufficient gear and/or appurtenances, proper safety equipment, a sufficient crew, appropriate supervision and/or appropriate training, and/or by other shortcomings which caused an unsafe place to perform Plaintiff's duties.

25. Defendants' breach of duty to Plaintiff was a substantial factor and/or cause in fact of Plaintiff's injuries.

26. The incident and injury to Plaintiff made the basis of this litigation are directly within the scope of protection afforded by the duty attributed to Defendants, which was breached.

27. As a direct result of Defendants' breach of duty to Plaintiff, Plaintiff has been injured in fact, sustaining damages to his mind and body, including, but not limited to, his back, neck, and shoulders.

## VIII. DAMAGES

28. By virtue of the injuries sustained in the incident sued upon herein, has sustained damages, for which Defendants are liable, Defendants are liable, as follows:

| | | | |
|---|---|---|---|
| a. | Loss of wages, past | $ | 160,000.00 |
| b. | Loss of future earning capacity | | 700,000.00 |
| c. | Medical expenses, past | | 170,000.00 |
| d. | Medical expenses, future | | 200,000.00 |
| e. | Physical pain and suffering, past | | 150,000.00 |

| | | | |
|---|---|---|---|
| f. | Physical pain and suffering, future | | 100,000.00 |
| g. | Mental pain and suffering, past | | 125,000.00 |
| h. | Mental pain and suffering, future | | 100,000.00 |
| i. | Permanent disability | | 200,000.00 |
| j. | Loss of enjoyment of life | | <u>100,000.00</u> |
| | | TOTAL: | <u>$2,005,000.00</u> |

29. Plaintiff, as set out hereinabove, was injured while performing work as a seaman and member of the crew of a vessel or fleet of vessels, in the employment of Defendants, SCHLUMBERGER and WESTERNGECO, and sustained injuries complained of in the service of the vessel so as to be entitled to maintenance and cure, both past and future, until such a time as Plaintiff has in fact reached maximum cure.

## JURY DEMAND

30. Plaintiff is entitled to and requests a trial by jury on all counts alleged herein.

## PRAYER FOR RELIEF

31. **WHEREFORE**, Plaintiff prays for a trial by jury and judgment herein against Defendants, SCHLUMBERGER and WESTERNGECO, for damages as are reasonable in the premises for all costs of these proceedings.

32. Plaintiff further prays for all general and equitable relief.

Dated: February 3, 2017                    All of which is respectfully submitted,

                                                 */s/ Hugh P. Lambert*
                                                 **HUGH P. LAMBERT, ESQ. (LA Bar #7933)**
                                                 **CAYCE C. PETERSON, ESQ. (LA Bar #32217)**
                                                 **JACKI SMITH, ESQ. (LA Bar #34769)**
                                                 **MORGAN EMBLETON, ESQ. (LA Bar #35769)**
                                                 The Lambert Firm, PLC
                                                 701 Magazine Street
                                                 New Orleans, Louisiana 70130
                                                 T: (504) 581-1750; F: (504) 529-2931
                                                 hlambert@thelambertfirm.com
                                                 cpeterson@thelambertfirm.com

jsmith@thelambertfirm.com
membleton@thelambertfirm.com

**JAMES R. REEVES JR.** *(pro hac vice pending)*
**(MS Bar #9519)**
**MATTHEW MESTAYER** *(pro hac vice pending)*
**(MS Bar #9646)**
**LEILANI L. TYNES** *(pro hac vice pending)*
**(MS Bar #10074)**
Reeves & Mestayer, PLLC
P.O. Drawer 1388
Biloxi, MS 39533
T: (228) 374-5151; F: (228) 374-6630
jrr@rmlawcall.com
mgm@rmlawcall.com
llt@rmlawcall.com

*Counsel for Plaintiff*